IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 12-cv-02863-RPM

**DIANE C. BORTLES,**

    Plaintiff,

v.

**BOULDER VALLEY SCHOOL DISTRICT NO. RE 2,**

    Defendant.

_____

**PROTECTIVE ORDER**
_____

Upon showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential information or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, IT IS ORDERED:

1. This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, response to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure, which are designated "CONFIDENTIAL" pursuant to this Protective Order.

2. As used in this Protective Order, "document" is defined as provided in Fed.R.Civ.P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. Information designated "CONFIDENTIAL" shall be information that is confidential and implicates common law and statutory privacy interests of current or former School District employees, including the Plaintiff, C.R.S § 24-72-204(3)(a)(II)(A) (concerning disclosure of personnel records). CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial of this case.

4. CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed either verbally or in writing *except that* such information may be disclosed to:

    a. attorneys working on this case;

    b. persons employed by or associated with the attorneys working on the case whose assistance is utilized by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

    c. the parties and designated representatives for the entity defendants;

    d. expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is utilized for preparation, trial or other proceedings in this case;

    e. the Court and its employees ("Court Personnel");

    f. stenographic reporters who are engaged in proceedings incident to the conduct of this action;

    g. deponents, witnesses, or potential witnesses; and

    h. other persons by written agreement of the parties.

  5. Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by or associated with counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and such person shall agree to be bound by its provisions. All such acknowledgements shall be retained by counsel and shall be subject to *in camera* review by the Court if substantial need for review is demonstrated by opposing counsel. "Substantial need" means that there has been a potentially unauthorized disclosure of CONFIDENTIAL information and opposing counsel is unable to identify the source of the disclosure without review of the acknowledgements. If counsel disagrees with opposing counsel's showing of substantial need, counsel may request that the court disallow review. The party requesting review of the acknowledgements shall bear the burden of establishing substantial need.

  6. Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

  7. Whenever a deposition involves the disclosure of CONFIDENTIAL

information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript. If the parties wish to subsequently designate documents as CONFIDENTIAL, they will have up to ten (10) days after the deposition to provide such designation upon written notice to each of the parties.

8. In the event it is necessary for the Parties to file Confidential Information with the Court in connection with any proceeding or motion, the Confidential Information shall be filed in accordance with the requirements of D.C.COLO.L.Civ.R 7.2

9. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the

motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

10. At the conclusion of this case, unless other arrangements are agreed upon, each party's counsel shall continue to maintain the confidentiality of all CONFIDENTIAL information in the storage of the CONFIDENTIAL documents and/or destroy the CONFIDENTIAL documents.

11. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

DATED this 11th day of April, 2013.

BY THE COURT:

s/Richard P. Matsch

_____
Richard P. Matsch, Senior District Judge